## HYMERA COAL MINING COMPANY v. MAHAN.

[No. 6,590. Filed April 30, 1909. Rehearing denied October 8, 1909. Transfer denied November 18, 1909.]

1. MASTER AND SERVANT.— Coal Mines.— Pillars.— Thickness.— Blasting.—Concurrent Negligence of Fellow Servant.—Where a coal mining company negligently maintained a pillar of coal from six to eight feet thick, when it should have been sixteen to eighteen feet thick, and a servant in blasting for a break-through placed a shot therein, which, because of such thinness of the pillar, broke through such pillar and injured a servant who was on the other side, such company is liable although the servant who fired the shot was negligent in failing to notify the servant on the other side of the shot to be fired. Rabb, J., dissenting. p. 587.

2. MASTER AND SERVANT.—Assumption of Risk.—Coal Mines.— Blasting.—Thin Walls.—A servant in a coal mine, who knew of the thinness of the wall between his entry and the adjacent one, did not assume the risk of danger from the firing of a shot in such wall, by a servant in the adjacent entry, when he did not know the depth of the charge placed in the wall, or when the shot was to be fired. p. 588.

3. NEGLIGENCE.—Proximate Cause.—Master and Servant.—Coal Mines.—Thin Walls.—It is not the ordinary duty of a coal miner to inspect the thickness of the wall between entries in the mine, and if, by reason of the thinness of such wall a servant is injured because of the breaking through of a shot fired in such wall, such thinness becomes the proximate cause of the injury. p. 588.

4. TRIAL.—General Verdict.—Effect.—A general verdict for the plaintiff constitutes a finding in his favor upon all of the issues in the case. p. 588.

5. NEGLIGENCE.—*Contributory.—Assumption of Risk.—Negligence of Master.*—Where a coal miner is injured because of the firing of a shot in the entry wall, negligently maintained too thin, such shot being fired by a servant in another entry, the court cannot hold that such injured servant was contributorily negligent, nor that he assumed the risk, such miner being ignorant of the depth of the charge, and of the time when the charge was to be fired. p. 589.
6. MASTER AND SERVANT.—*Assumption of Risk.—Master's Negligence.*—A servant does not assume the risk of his master's negligence. p. 589.
7. TRIAL.—*Interrogatories.— Verdict.*— The general verdict controls, where the answers to interrogatories are not in irreconcilable conflict therewith. p. 589.

From Sullivan Circuit Court; *Orion B. Harris,* Judge.

Action by Frank B. Mahan against the Hymera Coal Mining Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John T. Hays* and *Will H. Hays,* for appellant.

*William Tichenor, George W. Buff* and *W. P. Stratton,* for appellee.

ROBY, J.—This is an action to recover damages for personal injuries alleged to have been sustained by appellee while in the service of appellant in a coal mine, charging appellant with negligence in failing to provide a safe working place, by permitting the pillars left standing for the support of the mine and the safety of the men to become so thin and weak as to permit a shot fired in an adjacent entry to blow through and injure appellee.

After formal allegations, setting forth the nature and organization of the defendant corporation and the employment of the plaintiff thereby, it is averred that, by reason of plaintiff's being employed by defendant as a servant, it was the duty of defendant to furnish him a safe place in which to work, to protect him, and to that end it was the duty of defendant, by its mining boss, to visit and examine all working places in the mine every alternate day (this is required by

statute), to see that they were in proper condition and that safety was assured, and to see that the entries and working places were kept upon the right and proper lines and run in the right direction, so that the ribs and pillars of coal left standing for the support of the mine and for the safety of the men working therein would not become so thin and narrow as to fail in furnishing such support and safety; that the place where plaintiff was at work when injured was an entry about eight or nine feet wide, alongside another entry of the same width, and that the safety of the mine required that the pillar of coal left standing between the entries should be sixteen to eighteen feet thick; that it was usual in such places and in this particular mine to leave such thickness of coal standing; that it was not the duty of the plaintiff to examine and know for himself that the pillar was of the proper thickness, but that it was the duty of the defendant, through its mining boss, to make surveys and examinations and to know that the pillars were of the proper thickness; that the defendant did not, through its mining boss, visit said plaintiff's working place as often as required by law, and did not make such examination as to ascertain that the entry wherein plaintiff was working was running so close to the other entry alongside thereof as to render the pillar of standing coal between them not more than eight feet thick, and so weak and thin as to make it dangerous to this plaintiff in his own working place for shots to be fired in the adjacent entry, or if defendant did make such examination, it negligently and carelessly failed to apprise the plaintiff of the danger or to take any steps to protect him therefrom; that said defendant, carelessly and negligently allowed and permitted said pillar between said entries in said mine to become weak, thin and dangerous, which fact was well known to said defendant, or might have been known had it used proper diligence to ascertain the same, as it was its duty to do; that, by reason of this thin, weak and unsafe condition

of said pillar, caused, as aforesaid, by the carelessness and negligence of the defendant, in not making proper examinations and taking proper steps for plaintiff's protection, a certain shot fired on December 8, 1903, by miners working in or near an adjacent entry, broke through said thin, weak and unsafe pillar, and the coal thereby knocked down in the plaintiff's working place was hurled with great violence against the plaintiff, and it struck and fell upon him with great weight and force, and thereby greatly injured him; that, at the time said shot was fired, the plaintiff had no knowledge of the thin, weak and unsafe condition of said pillar aforesaid; that said injuries occurred wholly through the fault and negligence of the defendant, in carelessly and negligently allowing and permitting said pillar to be and become weak, thin and unsafe, all of which might and could have been avoided had said defendant, through its mining boss, visited and examined the working place of this plaintiff, and seen that said entries were run in such manner as to preserve the proper thickness of said pillar, or that proper steps were taken to protect the plaintiff from the danger attendant upon the shots being fired in or near the adjacent entry; that there was nothing in the appearance of said pillar, as the same appeared from plaintiff's working place, to indicate any danger, but that the same could have been discovered and ascertained, and said injuries could have been avoided if the defendant had exercised such diligence as its duty required and demanded. Damages were demanded in the sum of $2,000.

A demurrer to the complaint was overruled, an answer in general denial was filed, and trial was had before a jury, which returned a verdict in appellee's favor, with answers to eighty-three interrogatories. Judgment was rendered on the verdict for $2,000 and costs.

Error is alleged in overruling appellant's motion for judgment on the answers to interrogatories, notwithstanding the general verdict. It is contended that the answers to inter-

rogatories show: (1) That appellant's alleged negligence was not the cause of the injury; (2) that appellee was guilty of contributory negligence; (3) that the negligence of a fellow servant was the proximate cause of the injury; (4) that the injury was the result of a danger incident to the service, and was therefore assumed by the injured servant.

Appellee was injured at a place known as a "break through" between two parallel entries. The negligence relied upon as a foundation of legal liability is the fact that appellant failed to leave a pillar of coal, of sufficient thickness to be safe, standing between said entries. Appellant contends that the pillar of coal left standing (six or eight feet thick) was sufficient for the support of the mine, and that its thickness had nothing whatever to do with the accident; that the shot was fired at a place which was to be a "break through" or door from one entry to another, and that if the wall had been forty feet thick it could not have prevented the accident. But the jury found in answer to an interrogatory, that upon the evidence the pillar between the first and second entries was not sufficient for the safety of the mine. Appellee had made a cut of five feet in entry No. 2, at the place of the proposed "break through." If the distance from entry No. 2 to entry No. 1 had been sufficient—under the evidence it should have been between sixteen and eighteen feet—eleven to thirteen feet of solid coal would have been left between the entries. In answer to another interrogatory, the jury found that appellee could not have known the thickness of the pillar and the danger therefrom at the "break through." It was the duty of the man who set off the shot to notify the plaintiff before setting off one which was likely to force its way through. The negligence of this man in failing to give notice, and of the company in failing to maintain a sufficient distance between the entries, concurred in causing the accident. Had the defendant not been thus negligent the accident would not have hap-

pened; and where the negligence of a fellow servant contributes to an injury it will not preclude a recovery, where the negligence of the master combines to produce such injury. *Hancock* v. *Keene* (1892), 5 Ind. App. 408, 414; *Pennsylvania Co.* v. *Burgett* (1893), 7 Ind. App. 338; *Haskell & Barker Car Co.* v. *Przezdziankowski* (1908), 170 Ind. 1, 14 L. R. A. (N. S.) 972. Had appellee known the thickness of the pillar—and there is no reason shown why he did not know it—such fact would not bar recovery, for the reason that knowledge of the depth of the charge placed on the opposite side, and of the fact that it was about to be exploded was essential to an understanding or assumption of the risk by reason of which he was injured. The explosion would have hurt no one had the proper barrier of coal been left behind it. See *Windeler* v. *Rush County Fair Assn.* (1901), 27 Ind. App. 92.

The case is therefore brought directly within the law as laid down in *Eureka Block Coal Co.* v. *Wells* (1902), 29 Ind. App. 1, 94 Am. St. 259. It was there said: "The proximate cause of the injury was a thin pillar of coal which could not resist the force of the explosion, and permitting a shot to be put in at a point where appellant was bound to know that it would blow through the entry, injuring any miner who happened to be in the entryway near that point. The thin condition of this pillar of coal could not be detected by the miner, except by careful inspection. Such inspection the miner was not bound to make; his employer was. The result which followed, in the case at bar, the alleged acts of negligence, was one reasonably to have been anticipated."

The fact of the company's negligence is found by the general verdict, and is not contradicted by any special finding in answer to interrogatories.

From what is said in the preceding paragraphs, it is seen that contributory negligence cannot be declared as a matter

of law in this case. Neither can it be held that the
5. risk was assumed as incident to the business. The
servant assumes such risks as are incident to the work
in which he is engaged, but not those occasioned by the
6. negligence of the master. *Chicago, etc., R. Co.* v.
*Wagner* (1897), 17 Ind. App. 22; *Pennsylvania Co.*
v. *Witte* (1896), 15 Ind. App. 583.

The answers to interrogatories are not irreconcilable with
the general verdict, which establishes each allegation
7. of the complaint. The judgment is therefore af-
firmed.

Watson, C. J., Comstock, P. J., Myers and Hadley, JJ.,
concur.

## DISSENTING OPINION.

RABB, J.—The facts averred in appellee's complaint as
constituting his cause of action are, that it was the duty of
the appellant, in operating its mine, to leave, between the
entries running through the same, pillars of coal from sixteen
to eighteen feet thick, for the support of the mine and safety
of those engaged at work therein; that the appellant neg-
lected to perform its duty, and permited the pillars separat-
ing the first south entry from the second south entry in its
mine to become reduced to eight feet in thickness; that, by
reason of this condition in the pillars separating the two en-
tries, the appellee, while engaged at his work in said mine,
in the second south entry, was injured by the firing of a shot
in the first south entry and its blowing through the weak
pillar.

The answers to the interrogatories show that it was not the
duty of the appellant to maintain a solid pillar of any thick-
ness dividing the entries in its mine, but that the pillar which
separated the entries in the mine were required to have
"break throughs" from one entry to another, about every
forty-five feet, and that the appellee's injury complained of

was caused by a shot made at a place where an opening between entries was being made, but had not been completed, and where the appellant was under no duty to maintain a pillar or partition wall, but, on the contrary, was under a duty to see that an opening was made between the entries.

It also appears from the answers to interrogatories that the pillar maintained between the two entries, where one was required to be, was amply sufficient to protect those working in the mine from injury by reason of shots fired in the adjoining entry, in the usual course of conducting the mining operations, and that appellee was injured solely by reason of the fact that the shot which injured him was fired at a point where the opening was to be made, and where the wall separating the entries had already been weakened by five feet of coal having been taken therefrom, in the process of making the "break through."

Upon this state of facts, it is my view that no case is made against the appellant, and that a judgment should have been rendered in appellant's favor upon the answers to the interrogatories.