## VANDALIA COAL COMPANY *v.* HAVERKAMP.

[No. 7,520. Filed May 31, 1912. Rehearing denied November 20, 1912. Transfer denied February 13, 1913.]

1. MASTER AND SERVANT.—*Injury to Servant.—Complaint.—Proximate Cause.*—A complaint, in an action by a coal miner for personal injuries, alleging that defendant failed to furnish him a reasonably safe place in which to work, and failed to perform its statutory duty of sprinkling the roadways and entries of its mine, so that the air therein became charged with dust, that the same could have been sprinkled and the dust allayed without interfering in the operation of the mine, that the concussion and fire, resulting from illegal shots fired by other miners, acted on the air in the roadways and entries so as to produce a dust explosion in which plaintiff was injured, and that such explosion could not have occurred if defendant had sprinkled the dust and if such illegal shots had not been·fired, shows that the combined negligence of the defendant and the miners was the proximate cause of the injury, and was sufficient to withstand a demurrer. p. 399.

2. MASTER AND SERVANT.—*Injury to Servant.—Complaint.—Negligence of Fellow Servant.*—A complaint, from which it affirmatively appears that the injury was the proximate result of the negligence of a fellow servant, is bad and there can be no recovery thereon, but the rule does not apply where the negligence of the master, combined with the negligence of the fellow servant, was the proximate cause of the injury. p. 400.

3. NEGLIGENCE.—*Proximate Cause.*—There may be several elements combining to make up the proximate cause of an injury. p. 401.

4. APPEAL. — *Rcview.* — *Verdict.*—*Evidence.*—In determining the sufficiency of the evidence to support a verdict, the court will not weigh the evidence, but will consider only that most favorable to appellee. p. 402.

5. APPEAL.—*Review.*—*Verdict.*—*Evidence.*—The fact that the evidence may be weak, or unsatisfactory, will not authorize a reversal, if there is some evidence to support the verdict in every material respect. p. 402.

6. APPEAL.—*Review.*—*Instructions.*—*Refusal.*—The refusal of requested instructions, that were covered by others given, was not error. p. 403.

From Putnam Circuit Court; *John M. Rawley,* Judge.

Action by Edward Haverkamp, by his next friend, Karl Haverkamp, against the Vandalia Coal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*U. Z. Wiley, A. H. Jones, James P. Hughes* and *John P. Allee,* for appellant.

*Knight & Knight, S. A. Hays* and *B. F. Watson,* for appellee.

ADAMS, P. J.—Appellee was injured by an explosion while employed in appellant's coal mine. By the same explosion one Yemm was injured, and prosecuted an action for damages against appellant, and recovered judgment, from which judgment appellant appealed to the Supreme Court, where the judgment was affirmed. See *Vandalia Coal Co.* v. *Yemm* (1911), 175 Ind. 524, 92 N. E. 49, 94 N. E. 881. It is admitted that the complaint in the Yemm case is identical with the complaint in this case, and that many of the errors originally relied on in this appeal for reversal have been definitely determined against the contention of appellant by the decision in the Yemm case. The court in that case, however, did not pass on the sufficiency of the second paragraph of complaint, as it affirmatively appeared from the record that the judgment was based on the first paragraph, which was held sufficient. It will, therefore, be unnecessary to consider the points raised in this appeal which have been directly decided in the above case.

Counsel for appellant insist that the verdict in this case rests on the second paragraph of complaint, and that as said paragraph is insufficient, the court should have sustained a demurrer thereto. The second paragraph of amended complaint, after showing appellee's employ-

1. ment, avers that appellant violated its duty to furnish to appellee a reasonably safe place in which to perform his work; that appellant failed to use reasonable care and diligence in seeing that the roadways and entries through which appellee was required to pass in going to and from his work were kept in a reasonably safe condition; that under the laws of Indiana it was the duty of appellant to see that the roadways and entries of said mine were regularly and thoroughly sprinkled, whenever they became so dry that the air became charged with dust; that appellant did not, by itself or its agents, regularly and thoroughly sprinkle the roadways and entries, but negligently and in violation of a statutory duty imposed on it failed to sprinkle said roadways and entries; that it was practicable for appellant so to sprinkle said entries as to allay the dust, without interfering with the operation of said mine; that by reason of such failure and negligence the roadways and entries at the time of the accident, and for a period of six months prior thereto, had been permitted to become so dry that the air therein was charged with dust to such an extent as to render the same dangerous, and likely to create a dust explosion at any time; that appellant carelessly and negligently permitted such dust to accumulate on the floors of said roadways to a depth of from two to six inches, and made no effort to allay the same by sprinkling; that while appellee was going from his working place in said mine on the date of the injury, through said roadways and entries, for the purpose of leaving said mine, an explosion of dust occurred in the roadways and entries, enveloping him in a sheet of fire and flame, burning and injuring him, as specifically set out. Appellee also averred that a short time before

the explosion, some miner or miners, working as employes of appellant, whose identity is unknown to appellee, had negligently, carelessly and in violation of the mining laws of the State, fired certain illegal shots, particularly describing the same; that as a result of said shots a great concussion resulted, and much fire and flame were emitted; that such concussion and fire, acting on the air in the roadways and entries charged and filled with dust, produced and effected such explosion; all without any fault or negligence on the part of appellee. It is also averred that if appellant had performed its duty in regularly and thoroughly sprinkling said dust on or before the date of the explosion, and if said miner or miners had not fired such illegal shots in the manner described, the accident and resulting injuries to appellee would not and could not have occurred; that the accident did occur and appellee was injured thereby solely through the combined negligence of appellant and said miner or miners.

Appellee does not admit that the verdict rests on the second paragraph of complaint, and calls our attention to the answer to the sixtieth interrogatory, submitted by the court, wherein the jury answered that the explosion would have occurred if the unlawful shots had not been fired. This would indicate that the jury based its verdict on the first paragraph of complaint. But assuming that the verdict was returned on the second paragraph of complaint, or that it does not clearly appear on which paragraph the verdict rests, we think there was no error in overruling the demurrer to the second paragraph.

It is true, as contended by the learned counsel for appellant, that where it affirmatively appears from the complaint that the injury was the proximate result of 2. the negligence of a fellow servant the complaint is bad, and there can be no recovery. But we think this principle is not applicable to the paragraph of complaint before us. Facts are averred which show that the immediate

and proximate cause of the injury was the negligent omission of appellant to perform a statutory duty, combined with the negligence of appellee's fellow servants in firing the illegal shots.

3. It may be strictly accurate to say, as contended by appellant, that there can be but one proximate cause of an injury, but it is clear that there may be several elements combining to make up the proximate cause.

In *Beaning* v. *South Bend Electric Co.* (1910), 45 Ind. App. 261, 279, 90 N. E. 786, this court said: ''There may be several proximate causes of a particular injury, some of them innocent, and for which no liability exists on the part of any one; others may be the result of tortious acts of one or more. When this is true, each of the tortfeasors is jointly and severally liable for the injury resulting, and the fact that accidental or innocent causes or conditions and concurring wrongful acts of other parties join to produce the given injury does not affect the liability of any one of the wrongdoers.''

In *Vandalia Coal Co.* v. *Yemm, supra,* the court on page 532 said: ''It is expressly averred in the first paragraph 'that if said defendant company had performed its duty, by regularly and thoroughly sprinkling said dust on or before the date of the explosion, the accident, and injuries herein complained of would not and could not have occurred, and that they did occur solely and proximately by reason of its neglect in that behalf.' The fact could hardly be more directly stated.''

It will be observed that substantially the same averment appears in the second paragraph of the complaint, with the addition that the negligence of appellant combined with the negligence of the miners in firing the illegal shots producing the injury to appellee, and that appellee was injured solely through the combined negligence of appellant and said miners.

In *Princeton Coal, etc., Co.* v. *Lawrence* (1911), 176 Ind. 469, 483, 95 N. E. 423, the court said: "The fact that the negligence of another miner, or other miners, concurred with the negligence of appellant in producing the injury, will not exonerate appellant, if its negligence in failing to sprinkle was the proximate cause of the injury, and the jury so found." See also, *Fort Wayne, etc., Traction Co.* v. *Roudebush* (1909), 173 Ind. 57, 62, 66, 88 N. E. 676, 89 N. E. 369; *Romona Oölitic Stone Co.* v. *Shields* (1909), 173 Ind. 68, 74, 88 N. E. 595; *Lake Erie, etc., R. Co.* v. *Charman* (1903), 161 Ind. 95, 98, 99, 67 N. E. 923; *Hymera Coal Mining Co.* v. *Mahan* (1909), 44 Ind. App. 583, 587, 588, 88 N. E. 108.

No question is raised as to the extent of appellee's injury or the amount of the recovery, but it is earnestly insisted that there was no evidence to support the verdict. While the complaint proceeds on the theory of a coal-dust explosion, and the jury expressly found by its answers to interrogatories that there was a coal-dust explosion, appellant says that the evidence, without contradiction, shows a gas explosion. If this is true, the verdict is unwarranted, as there would be no causal connection shown between the negligence charged—that of failing to sprinkle the entries and roadways—and the injury resulting. If the explosion was from gas alone, then the negligent failure to sprinkle and allay the dust had nothing to do with the accident.

We have carefully examined the record, and find evidence from which the jury might fairly have concluded that the explosion was due to coal dust. This was a question of fact to be determined by the jury, and the court on appeal will not weigh the evidence, but will consider only that most favorable to appellee. *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 300, 76 N. E. 1060. The fact that the evidence may be weak or unsatisfactory will not authorize a reversal, where there is some evidence supporting the judg-

ment in every material respect. *Republic Iron, etc., Co.* v. *Berkes* (1904), 162 Ind. 517, 526, 70 N. E. 815.

It is also urged that the trial court erred in giving certain instructions and in refusing to give certain other instructions tendered by appellant. Without setting

6. out the instructions given and refused, it is sufficient to say that those refused were covered by others given by the court, and the instructions given, of which complaint is made, have been approved by the Supreme Court in the case of *Vandalia Coal Co.* v. *Yemm, supra.*

Finding no reversible error in the record, the judgment is affirmed.

NOTE.—Reported in 99 N. E. 643. See, also, under (1) 26 Cyc. 1384; (2) 26 Cyc. 1302; (3) 29 Cyc. 496; (4, 5) 3 Cyc. 348; (6) 38 Cyc. 1711. As to the effect of an irregular, improvident or fraudulent sale by trustee, see 19 Am. St. 293. As to laches, and equity's intolerance of stale claims, see 2 Am. St. 795.