## ROBINSON v. VANCAMP ET AL.

[No. 11,171.   Filed June 1, 1922.   Rehearing denied October 25, 1922.   Transfer denied March 14, 1923.]

1. INSANE PERSONS.—*Guardian for Married Woman.—Appointment.—Statutes.*—Under §3111a Burns 1914, Acts 1911 p. 533, providing that when a complaint is filed in any court having probate jurisdiction that any inhabitant of the county is incapable of managing his estate or business affairs because of old age, infirmity, etc., ten days notice of the filing of the complaint shall be given to such person by summons, and §3111b Burns 1914, Acts 1911 p. 533, providing that if such person shall be found to be incapable of managing his estate or business affairs for any reason provided in the act, a guardian shall be appointed for such person and his estate, and §3111d Burns 1914, Acts 1911 p. 533, giving such guardians the same powers and imposing upon them the same duties as in case of guardians of minors and insane persons, a guardian may be appointed for a married woman over the age of twenty-one years who is incapable of managing her estate or business affairs on account of old age, infirmity, and improvidence, although she is living with her husband, who is also of legal age.   pp. 383, 389.

2. INSANE PERSONS.— *Appointment of Guardian for Married Woman.—Statutes.—Marriage of Female Ward.*—Section 3073 Burns 1914, §2526 R. S. 1881, providing that the marriage of a female ward to a person of full age shall operate as a legal discharge of the guardianship, is a part of an act concerning the guardianship of minors, and does not prevent the appointment of a guardian, under §3111a *et seq.* Burns 1914, Acts 1911 p. 533, for a married woman of legal age, whose husband is also of legal age, on the ground that she is incapable of managing her estate or business affairs, notwithstanding §3111d Burns 1914, Acts 1911 p. 533, providing that such guardians shall have powers similar to those of guardians of minors and the insane, the latter statute having reference only to the powers and duties of guardians, and not to the creation, existence or termination of their trusts.   (*Ex parte Post, Guardian,* [1874], 47 Ind. 142, and *Deeker* v. *Fesler* [1896], 146 Ind. 16, distinguished and explained.)   p. 384.

3. APPEAL.—*Review.—Verdict.—Evidence.*—Where there is some evidence to sustain the verdict, although it may not be entirely satisfactory, it is sufficient on appeal.   p. 389.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Robinson *v.* VanCamp—79 Ind. App. 382.

Action by Belus VanCamp and others against Malissa Robinson. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Rollin Lennington, E. C. Vaughn* and *John F. Decker,* for appellant.

*William H. Eichhorn* and *Dore B. Erwin,* for appellees.

BATMAN, C. J.—This is an action by appellees against appellant, under §§3111a and 3111b Burns 1914, Acts 1911 p. 533, to have the latter adjudged incapable of managing her estate or business affairs, because of old age, infirmity and improvidence, and to have a guardian appointed for her. Appellant answered the complaint by a general denial. The cause was submitted to a jury for trial, resulting in a verdict and judgment in favor of appellees. Appellant filed a motion for a new trial, which was overruled, and this action of the court constitutes the only error assigned on appeal.

The principal question for our determination in this appeal relates to the authority of the trial court to adjudge a married woman, who is over the age of twenty-one years, incapable of managing her estate or business affairs, on account of old age, infirmity and improvidence, where she is living with her husband, who is likewise over said age, and to appoint a guardian of her person and estate. The act under which this proceeding is prosecuted provides, among other things, as follows: "That whenever any person shall file his complaint in the court having probate jurisdiction in any county, to the effect that *any inhabitant* of such county is incapable of managing his estate or business affairs because of old age, infirmity, improvidence, or being a spendthrift, such court shall cause not less than ten days' notice of the filing of such complaint to be given such person by a summons issued

by the clerk to the sheriff of said county." §3111a Burns 1914, *supra.* (Our italics.) "If upon trial, such person shall be found to be incapable of managing his estate or business affairs for any reason provided in this act, such court shall appoint a guardian for such *person* and his *estate.*" §3111b Burns 1914, *supra.* (Our italics.) "The same duties are required of, and the same powers granted, to guardians of any person appointed under this act as are required of and granted to guardians of minors and the insane, so far as the same may be applicable." §3111d Burns 1914, Acts 1911 p. 533. It will be observed that the statute expressly provides that the court shall have authority to appoint a guardian for the *person* and *estate* of *any inhabitant.* The language used is very comprehensive, and the Supreme Court has declared that, "It applies to any person and to every person who by reason of old age is incapable of managing his estate or business affairs." *Kutzner* v. *Meyers* (1915), 182 Ind. 669, 108 N. E. 115, Ann. Cas. 1917A 872. However, the question we are now considering was not before the court in that case, but the statement was made in determining the constitutionality of the act, and hence as to the question before us it must be taken as mere *dictum.*

Appellant, in the instant case, does not present a constitutional question, but contends that as to married women over twenty-one years of age, who are living with their husbands over a like age, the act has no application. She bases this contention on two grounds: (1) The provisions of §3073 Burns 1914, §2526 R. S. 1881, read in connection with §3111d Burns 1914, *supra;* the former being as follows: "The marriage of any female ward to a person of full age shall operate as a legal discharge of the guardianship; and the guardian shall be authorized to account to the wife, with the assent of the husband." (2) Ruling

precedents of the Supreme Court of this state to the effect, that the guardianship of a married woman, whose husband is twenty-one years of age, and the marital relation are inconsistent and cannot coexist. It is clear that said §3073 Burns 1914, *supra*, has no application to the facts of this case. It was enacted long prior to the statute under which this action is prosecuted, and is part of an act concerning the guardianship of minors. Properly construed it means that the marriage of any female, under guardianship by reason of her minority, to a person of full age shall operate as a legal discharge of the guardianship. Of itself, it does not purport to apply to cases involving incapacity by reason of old age, etc., and §3111d Burns 1914, *supra*, does not give it such an application, as it has reference only to the powers and duties of guardians, and not to the creation, existence or termination of their trusts.

In support of the second ground stated above, appellant cites a number of decisions of this state, none of which we deem controlling as to the question under consideration. Two of them are to the effect that the rule of the common law, respecting the unity of husband and wife, has not been overthrown in this state. It is not necessary for us to controvert this statement, in order to maintain the conclusion we have reached, but we may add that, by statutory enactments, husbands have been deprived of a number of rights that were based on the theory of such unity under the common law. Three of such decisions relate to the rights of married women under said §3073 Burns 1914, *supra*, who are still minors, and hence are not applicable in the instant case, as we have indicated above. Other decisions cited contain the following statements upon which appellant relies: "A married woman, though an infant, cannot, in this State, have a general guardian of her person or

property, if her husband be of legal age. * * * To hold that a married woman with a husband over twenty-one years of age, though she be a minor, may or must have a general guardian other than her husband, for her person or property, would be a violation of all our ideas of secular and divine law." *Ex parte Post, Guardian* (1874), 47 Ind. 142. "Guardianship of the person * * * is absolutely inconsistent with the conjugal rights of husband and wife." *Decker* v. *Fessler* (1896), 146 Ind. 16, 44 N. E. 657. We find nothing in these statements, or elsewhere in the decisions cited, that requires us to hold that the act in question does not apply to married women. The statements in the first quotation given above were made by the court in 1874, in a case involving the rights of a sane married woman, who was a minor, and must be read in the light of that fact. If considered otherwise, the first would manifestly be too broad, as at that time an insane married woman could have a guardian, by virtue of the act applying to insane persons generally. When confined to sane married women, the first sentence of the quotation evidently stated the law correctly as it then stood, by reason of the provisions of said §3073 Burns 1914, *supra,* which was in force at that time. However, it is not a correct statement of the law at this time, by reason of the provisions of said §§3111a and 3111b Burns 1914, *supra,* which became effective in 1911. The second part of said quotation is merely an argumentative statement in support of the preceding legal proposition, and might be persuasive against the enactment of a law that would place married women under guardianships, or in the interpretation of an ambiguous act, but cannot be made the basis for excluding married women from the provisions of a statute, general in its terms and clear in its meaning.

The statement in the second quotation given above

was not original with the author of the opinion in which it is found, but was taken from a New Mexico decision, and used in support of a statement, that the reasons on which he based his conclusion, that the marriage of two minors did not work a discharge of the guardianship of the wife as to her property, was not applicable to the guardianship of the person of the wife under such circumstances. As the question involved in that case related to the property of a minor married woman, and not to the control of her person, anything stated in the opinion with reference to the latter is merely *dictum,* and hence not binding on this court. While it is true that the guardianship of the person of a married woman, if fully exercised, might conflict with the conjugal rights of the husband, it does not follow that they are so inconsistent that such guardianship and conjugal rights cannot coexist. It is not unusual for conflicting rights to exist with reference to the custody of the person of an individual. In such instances the superior right prevails over the inferior, and conflict in their exercise is thereby avoided. This occurs in all cases where a guardian is appointed for a minor with a natural parent, who is a suitable person to have its custody. In such cases the parent, under the common law, which has been enacted into a statute in this state, has the superior right. *The State, ex rel.* v. *Banks* (1865), 25 Ind. 495; *McGlennan* v. *Margowski* (1883), 90 Ind. 150; *Berkshire* v. *Caley* (1901), 157 Ind. 1, 60 N. E. 696; *Gilmore* v. *Kitson* (1905), 165 Ind. 402, 74 N. E. 1083. This superior right of custody, however, may be lost through an order of court, where facts warrant it. While this superior right exists, the inferior right lies dormant, or is held in abeyance, until some occasion arises for its exercise. This might occur through the death or some misconduct of the parent, in which case the guardian is not required to obtain a new appoint-

ment, or to be clothed with some additional authority, in order to have the right to the custody of such minor, but merely exercises existing authority which has been suspended during the existence of the parent's superior right. In our opinion this is what occurs when two minors marry, if the wife is under guardianship, or a guardian is appointed for her while both are minors. The guardianship would not be terminated, either as to the person or property, in the first instance, or be unauthorized in the other, as the facts which bring said §3073 Burns 1914, *supra*, into operation would not exist. The right of the guardian, however, would be subordinate to the superior right of the husband to have the services, society and companionship of his wife, but if the husband should die, or either abandon or forfeit such right, the guardian's subordinate right could then be exercised for the protection of such minor, without first obtaining any new or additional authority. The cases cited, therefore, are not ruling precedents of the Supreme Court by which we are bound. The conclusion we have reached with reference to the coexistence of the conjugal relation of husband and wife, and a guardianship of the latter, is supported by the following decisions: *Tillinghast, Admr.* v. *Holbrook* (1862), 7 R. I. 230; *In re Henry Chace, Petitioner* (1904), 26 R. I. 351, 58 Atl. 978, 69 L. R. A. 493, 3 Ann. Cas. 1050; *In re Eliza Fegan* (1872), 45 Cal. 176. In the case first cited the court made the following pertinent statement: "Neither do we think that it is any sufficient objection to the decree, that the guardianship of the property is coupled with the guardianship of the person. It is not necessary, in the exercise of any of the guardian's powers, to invade any of the rights of the husband, either in the disposition and control of the property of the wife, or the custody of her person. Whatever control of her person may be necessary for her protection and

for the assertion of her just rights must necessarily be given to the guardian, but this may be, and would be, in subordination to every just right of the husband. The custody of her person would not be taken from him unless for her protection."

The act, by which the proceedings in the instant case are governed, is broad enough in its terms to include the guardianship of the person, as well as the property, of individuals adjudged to be incapable of managing their estates or business affairs by reason of old age, etc., and, nothing being found in the law which forbids it, we must hold that it should be applied as written. It follows from what we have said that the court did not err in refusing to give either of the instructions of which complaint is made.

The only other reasons for a new trial, presented by appellant in her brief, are based on a claim that the verdict is not sustained by sufficient evidence and is contrary to law. The record discloses some evidence to sustain the verdict, which is sufficient on appeal, although it may not be entirely satisfactory. *Vandalia Coal Co.* v. *Haverkamp* (1912), 52 Ind. App. 397, 98 N. E. 643; *Public Utilities Co.* v. *Cosby* (1915), 60 Ind. App. 252, 110 N. E. 576. We find no grounds upon which to base a conclusion that the verdict is contrary to law. No reversible error being shown in the action of the court in overruling appellant's motion for a new trial, the judgment is affirmed.