## LEEPER *v.* TEXAS.

ERROR TO THE COURT OF APPEALS OF THE STATE OF TEXAS.

No. 1239. Argued December 17, 18, 1890. — Decided March 30, 1891.

It must be regarded as settled that a petition for a writ of error forms no part of the record upon which action here is taken.

To give this court jurisdiction to review the judgment of a state court

under section 709 of the Revised Statutes, because of the denial by the state court of any right, title, privilege or immunity claimed under the Constitution, or any treaty or statute of the United States, it must appear on the record that such title, right, privilege or immunity was specially set up or claimed at the proper time and in the proper way.

Whether statutes of a legislature of a State have been duly enacted in accordance with the requirements of the constitution of such State, is not a Federal question, and the decision of state courts as to what are the laws of the State is binding upon the courts of the United States.

By the Fourteenth Amendment the powers of States in dealing with crime within their borders are not limited, except that no State can deprive particular persons, or classes of persons, of equal and impartial justice under the law; that law in its regular course of administration through courts of justice is due process, and when secured by the law of the State the constitutional requirement is satisfied; and that due process is so secured by laws operating on all alike, and not subjecting the individual to the arbitrary exercise of the powers of government unrestrained by the established principles of private right and distributive justice.

PLAINTIFFS in error were arraigned in the District Court of Coryell County, Texas, upon an indictment reading as follows: "In the name and by the authority of the State of Texas, the grand jurors for the county of Coryell, State aforesaid, duly organized as such at the January term, A.D. 1890, of the District Court for said county, upon their oaths in said court present that Jim Leeper and Ed. Powell, on or about the 17th day of December, A.D. one thousand eight hundred and eighty-nine, in the county of Coryell and State of Texas, did then and there, with malice aforethought, kill and murder J. T. Mathis, by then and there shooting him, the said J. T. Mathis, with a pistol, contrary to law and against the peace and dignity of the State;" and severally pleaded not guilty.

The cause being called for trial, the defendants made an application for a continuance, which was overruled, whereupon trial was had before a jury duly empanelled, which found each of the defendants guilty of murder and assessed his punishment at death, and judgment was entered accordingly. No motion to quash the indictment was made, nor objection raised thereto in the progress of the trial. But exceptions were taken to the action of the District Court in overruling the application of defendants for a continuance;

in refusing to quash a special venire issued in the case; in the admission of testimony of other distinct offences committed near the scene of the murder and immediately afterwards; in the admission of testimony that upon an inspection of the body of one of the defendants after he had been arrested, his shirt having been taken off by the jailer, marks or bruises were found thereon, indicating that he had been struck one or more blows, which tended to corroborate the testimony of one of the witnesses; and to the failure of the court to charge in relation to murder in the second degree. Defendants moved for a new trial on the ground of error in these rulings, and also because one of the jurors was not qualified as such under the laws of Texas, in that he was not a freeholder in the State of Texas, although he had assumed to be such on his *voir dire*, and the fact was not discovered until after the trial, wherefore it was claimed defendants had not had a trial in accordance with law; and because the verdict was contrary to the law and the evidence. The motion for a new trial having been overruled, the cause was taken by appeal to the Court of Appeals of the State of Texas, and errors therein assigned, raising the same points as on the motion for new trial, and error in the action of the court in overruling that motion. The cause was submitted to the Court of Appeals on oral arguments and briefs and the judgment affirmed, the opinion being delivered by Judge Willson. A rehearing was afterwards applied for and the application heard on oral arguments and briefs, and overruled. An opinion was delivered on this motion by Judge Willson, and a dissenting opinion by Judge Hurt, who concurred in the views of the majority, except upon the question of the disqualification of the juror. These opinions are transmitted as part of the record.

The court decided that the evidence tending to show assaults upon other parties by the defendants, almost simultaneously with the assault made by them upon the deceased and at the same place, in pursuance of a general design to rob the parties assaulted, was admissible, such assaults being part of the *res gestæ;* that it did not appear that one of the defendants was compelled to expose his body, or that his shirt was removed

without his consent, nor was it shown what injury or prejudice might have been caused by the admission of the testimony as to the marks or bruises upon his body, and that in the manner in which the ruling of the court in relation to this matter was presented, it did not appear that any material error, if any at all, had been committed; that there was no evidence in the record that the defendants were drunk at the time of the homicide, and that the District Court was not called upon to instruct as to the law where a homicide is committed by a person who at the time is in a state of intoxication; that it was apparent, in view of the evidence adduced on the trial, that the testimony set forth in the application for a continuance was not probably true, and the refusal of the application did not afford good ground for a new trial; that under the statute a new trial could not be granted because of the disqualification of a trial juror; and that it did not appear that injury had resulted to the defendants by reason of such juror serving. Some other matters were also considered, and the court held that there was "no error apparent of record for which the conviction should be disturbed."

The objection to the special venire was that the sheriff, "although present in court, was not sworn and instructed, cautioned and directed, by the court as to the manner in which said venire should be by him selected, as required by law," but the bill of exceptions showed that the sheriff was ill and that the talesmen were summoned by two of his deputies, who were duly sworn, cautioned and instructed, and the opinion of the Court of Appeals makes no reference to the matter.

The first ground assigned for the motion for rehearing was in these words :

"Because the court erred in holding as sufficient in substance and sustaining the bill of indictment in this case, the said bill of indictment, as is apparent on its face, not alleging all of the material elements of the crime of murder in the first degree or of any other crime, and for that reason being illegal and in contravention of the constitution of the State of Texas and of the United States, of which these appellants are now and

were at the time of their trial and conviction native and *bona fide* citizens."

This is the earliest suggestion of the existence of a Federal question in the cause. After the application for a rehearing had been disposed of, the defendants, as is stated in a bill of exceptions, "gave notice in open court of an appeal to the Supreme Court of the United States of America, and requested that the same be entered upon the minutes of this court, which action this court then and there refused," and defendants excepted.

A petition for a writ of error from this court was then presented and allowed by the presiding judge of the Court of Appeals. The petition set up in substance the same grounds which subsequently appeared in the assignment of errors, and averred that upon the trial there was " drawn and called in question the construction of certain clauses of the Constitution of the United States, and the decision of said cause was adverse and against the rights, privileges, immunities and exemptions so especially set up and claimed under those clauses of the said Constitution of the United States."

The errors assigned here are that the indictment was drawn under a certain act of the legislature of Texas, passed March 26, 1881, which was repugnant to the Fifth Amendment, and in contravention of the Fourteenth Amendment to the Constitution of the United States; that the indictment, if charging any offence, charged no higher one than that of murder in the second degree, the punishment for which under the Penal Code was imprisonment for a term of years, and, in the punishment inflicted, plaintiffs in error were not accorded due process of law, nor the equal protection of the laws; that the action of the Court of Appeals in relation to the disqualification of the juror was in contravention of the Sixth Amendment to the Constitution of the United States, and deprived plaintiffs in error of their lives without due process of law, in violation of the Fourteenth Amendment; that the inspection of the person of one of the plaintiffs in error, and evidence of the results of such inspection, was in contravention of the Fifth Amendment, and not due process of law within the

Fourteenth Amendment ; and that the denial of the right of appeal was a denial to plaintiffs in error of rights guaranteed to them by the Constitution of the United States and the Fourteenth Amendment thereof.

Upon the argument, although no error was assigned in relation thereto, it was contended that the Penal Code and the Code of Criminal Procedure of Texas were not properly enacted, either in whole or in part, under the constitution of Texas in that behalf.

*Mr. William S. Flippin* and *Mr. G. P. M. Turner* for plaintiffs in error.

*Mr. R. H. Harrison* for defendant in error.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

It must be regarded as settled that a petition for a writ of error forms no part of the record upon which action here is taken ; *Manning* v. *French,* 133 U. S. 186 ; *Clark* v. *Pennsylvania,* 128 U. S. 395 ; *Warfield* v. *Chaffe,* 91 U. S. 690 ; *Butler* v. *Gage,* 138 U. S. 52 : That to give this court jurisdiction to review the judgment of a state court under section 709 of the Revised Statutes, because of the denial by the state court of any right, title, privilege or immunity claimed under the Constitution, or any treaty or statute of the United States, it must appear on the record that such title, right, privilege or immunity was specially set up or claimed at the proper time and in the proper way ; *Spies* v. *Illinois,* 123 U. S. 131, 181 ; *Baldwin* v. *Kansas,* 129 U. S. 52 ; *Chappell* v. *Bradshaw,* 128 U. S. 132 : That whether statutes of a legislature of a State have been duly enacted in accordance with the requirements of the constitution of such State, is not a federal question, and the decision of state courts as to what are the laws of the State is binding upon the courts of the United States ; *South Ottawa* v. *Perkins,* 94 U. S. 260, 268 ; *Post* v. *Supervisors,* 105 U. S. 667 ; *Norton* v. *Shelby County,* 118 U. S. 425, 440 ; *Railroad Co.* v. *Georgia,* 98 U. S. 359, 366 ; *Baldwin* v. *Kansas,* 129 U. S. 52, 57 : That by the Fourteenth Amendment the

powers of States in dealing with crime within their borders are not limited, except that no State can deprive particular persons,. or classes of persons, of equal and impartial justice under the law; that law in its regular course of administration through courts of justice is due process, and when secured by the law of the State the constitutional requirement is satisfied; and that due process is so secured by laws operating on all alike, and not subjecting the individual to the arbitrary exercise of the powers of government unrestrained by the established principles of private right and distributive justice. *Hurtado* v. *California*, 110 U. S. 516, 535, and cases cited.

In view of these repeatedly adjudicated propositions, we do not care to discuss at length the points urged by plaintiff in error.

Our jurisdiction in this class of cases is properly invoked by writ of error, not by appeal. The validity of the enactment of the Texas codes is not open to inquiry. *In re Duncan, ante,* 449.

The sufficiency of the indictment, the degree of the offence charged, the admissibility of the testimony objected to, and the alleged disqualification of the juror because he was not a freeholder, were all matters with the disposition of which, as exhibited by this record, we have nothing to do.

We find nothing special, partial or arbitrary or in violation of fundamental principles in the criminal laws of the State of Texas, involved, and we perceive no ground for holding that the proceedings complained of, which were had in the ordinary administration of those laws, amounted to a denial by the State of due process of law to these parties, or of some right secured to them by the Constitution of the United States. *In re Kemmler*, 136 U. S. 436, 449; *Caldwell* v. *Texas*, 137 U. S. 692. Although no right, title, privilege or immunity was specially set up or claimed at the proper time and in the proper way, and no Federal question was passed upon by the state courts or raised, except by the general averment in the petition for rehearing that the indictment was so defective that it, or the statute which authorized it, contravened the Constitution, yet, as full argument was permitted at the bar, upon the assumption that the writ of error was providently issued, we will instead of dismissing the writ, affirm the judgment.

*Judgment affirmed.*