# KUTZNER v. MEYERS.

[No. 22,743. Filed January 22, 1915.]

1. CONSTITUTIONAL LAW.—*Guardian and Ward.*—*Due Process of Law.*—*Appointment of Guardian.*—The act of 1911 (Acts 1911 p. 533, §§3111a, 3111b Burns 1914), providing for the appointment of guardians for aged persons who are incapable of managing their property or business, provides for notice of the proceeding to a person whose rights are affected thereby, and for a trial of the issues by a court of probate jurisdiction, and is therefore not open to the objection that it provides a means for depriving old persons of their liberty and property without due process of law. p. 671.

2. CONSTITUTIONAL LAW.—*Guardian and Ward.*—*Equal Protection of Law.*—*Appointment of Guardian.*—The act of 1911 (Acts 1911 p. 533, §§3111a, 3111b Burns 1914), relating to the appointment of guardians for old persons, applies to and may be enforced against all persons who, on account of old age have become incapable of managing their estates or business affairs, and is not invalid as denying the equal protection of the law. p. 672.

3. GUARDIAN AND WARD.—*Guardianship for Aged Person.*—It has always been the policy of the State to protect those who by reason of their youth or incapacity are incapable of managing their estates by placing their property in the hands of guardians or conservators, and the same protection may be extended to persons who become incapacitated by reason of advanced age. p. 672.

4. CONSTITUTIONAL LAW.—*Guardian and Ward.*—*Confiscation of Property.*—The placing of one's property in the hands of a guardian or conservator to be managed and preserved for his use and benefit is not within the constitutional inhibition against the taking of property without just compensation. p. 672.

5. GUARDIAN AND WARD.—*Appointment of Guardian.*—*Petition.*—A petition for the appointment of a guardian for an aged person under §§3111a, 3111b Burns 1914, Acts 1911 p. 533, which stated facts showing the disability of such person as required by the statute and that he was at the time a resident of the county where the petition was filed, was not rendered insufficient by reason of averments which were mere surplusage, or by reason of the averment that such person shortly before the petition was filed had conveyed valuable real estate for a mere nominal consideration, and that such conveyance was obtained by fraud, since such averment, even if directly and properly alleged, tendered no issue which could be properly tried and determined in the proceeding. p. 673.

6. GUARDIAN AND WARD.—*Appointment of Guardian.—Petition.—Statutes.*—Sections 3111a, 3111b Burns 1914, Acts 1911 p. 533, relative to the appointment of guardians for aged persons, do not require the petition to show that petitioner has any interest in the estate of the person for whom a guardian is desired, or that the latter is possessed of an estate, but it is to be presumed that on the trial the court would require proof that there is some property to be controlled by a guardian, or some business affairs requiring his attention.   p. 673.

7. GUARDIAN AND WARD.—*Proceeding for Appointment.—Issues.—Evidence.*—In a proceeding for the appointment of a guardian for an aged person under §§3111a, 3111b Burns 1914, Acts 1911 p. 533, the validity of a deed executed by such person, though attacked in the petition, could not be properly in issue, and it was not error to exclude evidence of his mental capacity to make a deed at the time of such conveyance.   p. 673.

8. GUARDIAN AND WARD.—*Proceeding for Appointment.—Evidence.*—In a proceeding for the appointment of a guardian for an aged person under §§3111a, 3111b Burns 1914, Acts 1911 p. 533, the admission of evidence identifying the record of a deed executed by such person shortly prior to the commencement of the proceeding, showing that he had conveyed valuable real estate for no other consideration than that grantee was to keep grantor and look after him, was not error, since, in view of the evidence as to such person's age and mental condition incident thereto, it was proper for the court to consider the facts shown by such record in determining whether a guardian should be appointed.   p. 674.

9. GUARDIAN AND WARD.—*Right of Ward to Select Guardian.—Statutes.*—Under §§3111a, 3111b Burns 1914, Acts 1911 p. 533, providing for the appointment of guardians for aged persons, such persons have no right to designate whom the court shall appoint.   p. 674.

From Probate Court of Marion County (12,165) ; *Frank B. Ross,* Judge.

Action by Leonore Meyers against August Kutzner, for the appointment of a guardian for the latter.   From a judgment appointing a guardian, the defendant appeals.   *Affirmed.*

*Henry Seyfried* and *John M. Wall,* for appellant.

*Means & Buenting,* for appellee.

LAIRY, J.—Appellee brought this action to obtain the appointment of a guardian for appellant upon the ground that

he was about 85 years of age and that he was incapable of managing his estate and business affairs by reason of his advanced age. This proceeding was instituted under the provisions of an act of the legislature of this State which provides that, "Whenever any person shall file his complaint in the court having probate jurisdiction in any county to the effect that any inhabitant of such county is incapable of managing his estate or business affairs because of old age, * * * such court shall cause not less than ten days' notice of the filing of such complaint to be given such person * * *." Acts 1911 p. 533, §3111a Burns 1914. Section 2 of the act provides "If upon trial, such person shall be found to be incapable of managing his estate or business affairs for any reason provided in this act, such court shall appoint a guardian for such person and his estate, who shall give bond and be in all things under like restrictions and act in the same manner and with the same powers and duties as in the case of guardians for minors; * * *." Acts 1911 p. 533, §3111b Burns 1914.

Appellant unsuccessfully demurred to the petition, and the ruling of the court on such demurrer is assigned as error. The first objection which we shall notice is

1. the one by which appellant assails the validity of the statute under which the proceeding is brought, upon the ground that it violates subdivision 1 of the 14th amendment to the Federal Constitution and also §21, Art. 1 of the Constitution of this State. It is contended that the statute provides a means by which old persons can be deprived of liberty and property without due process of law and that it denies to such persons the equal protection of the law. The statute in question makes provision for due process of law. It provides that notice of the proceeding shall be given to the person whose rights are to be affected thereby and that the issues shall be tried and determined by a legally constituted tribunal. This constitutes due process of law within the meaning of the 14th amendment to the Federal

Constitution. *Leeper* v. *Texas* (1891), 139 U. S. 462, 11 Sup. Ct. 577, 35 L. Ed. 225; *Iowa Cent. R. Co.* v. *Iowa* (1896), 160 U. S. 389, 16 Sup. Ct. 344, 40 L. Ed. 467; *Rogers* v. *Peck* (1905), 199 U. S. 425, 26 Sup. Ct. 87, 50 L. Ed. 256; *Appleby* v. *City of Buffalo* (1911), 221 U. S. 524, 31 Sup. Ct. 699, 55 L. Ed. 838. The statute in question applies to and 2. may be enforced against all persons who, on account of old age have become incapable of managing their estates or business affairs. It does not arbitrarily select any person or class of persons to which it shall apply, but it applies to all persons under like conditions and circumstances. It applies to any person and to every person who by reason of old age is incapable of managing his estate or business affairs. If all persons similarly circumstanced and situated are treated alike under the law, no person can be said to be deprived of the equal protection of the law. *Caldwell* v. *Texas* (1891), 137 U. S. 692, 11 Sup. Ct. 224, 34 L. Ed. 816; *Missouri Pac. R. Co.* v. *Mackey* (1888), 127 U. S. 205, 8 Sup. Ct. 1161, 32 L. Ed. 107.

It is not claimed that the classification made by the act is unreasonable or arbitrary. It has been always the policy of the State to protect those who by reason of youth 3. or incapacity were incapable of managing their estates by placing their property in the hands of guardians or conservators. There is no reason apparent to the court why the same protection should not be extended to persons in their second childhood as is given to infants and persons of unsound mind or habitual drunkards. *Devin* v. *Scott* (1870), 34 Ind. 67. The provisions of §21, Art. 4. 1 of our State Constitution have no application to a case of this kind. When the property of a person is placed in the hands of a guardian or conservator to be managed and preserved for his use and benefit, it is not taken by law in such a sense as to require that compensation shall be made under the provisions of this section.

The petition is not open to any of the other objections

urged against it. It states the facts showing the disability of appellant as required by the statute and shows that he was at the time a resident of the county where the petition was filed. Some other facts are alleged which will be treated as surplusage. The fact that shortly before the proceeding was filed appellant was the owner of real estate of the value of $3,800 and that he had conveyed it to Louisa Lamb for the consideration of one dollar as expressed in the deed and that no other consideration passed for such conveyance and that the same was obtained by fraud and undue influence, even if properly and directly alleged would tender no issue which could be properly tried and determined in a proceeding of this character. The trial court did not attempt to determine any such issue and the allegations defectively made in reference to such conveyance did not render the complaint insufficient as against a demurrer.

The statute does not require that the person who files the petition should show that he has any interest in the estate of the person for whom the appointment of a guardian is sought, nor does it require that facts should be stated in the petition showing that such person is possessed of an estate. It is not to be presumed that a court will appoint a guardian unless some necessity for such appointment is shown, and, where the appointment of a guardian for a person is sought upon the ground that he is incapable of managing his estate or business affairs on account of old age, the court would, no doubt, require proof that such person had some property to be controlled by the guardian or that he was interested in some affairs of a business nature which required attention.

It is also assigned as error that the court erred in overruling appellant's motion for a new trial. Under this assignment several questions are presented. The court did not err in excluding evidence as to the mental capacity of appellant to make a deed at the time he

Vol. 182—43

conveyed certain real estate to Louisa Lamb. The validity of such deed was not in issue and could not be decided in this proceeding. The evidence of Joseph Turk by which he identified the record containing the deed from appellant to Louisa Lamb and the admission of the record in evidence did not harm appellant, and we think it was proper. When considered in connection with other evidence in the case, it shows that appellant, a short time before this proceeding was commenced, had conveyed to Louisa Lamb real estate of the value of about $2,800 and that no money was paid or agreed to be paid for such conveyance, the only consideration being that Louisa Lamb agreed to keep the grantor and to look after him. Having in mind the age of appellant and his mental condition incident thereto as shown by the evidence, it was proper for the court to consider these facts in determining whether a guardian should be appointed. The evidence is sufficient to sustain the finding, and the motion for a new trial was properly overruled.

Section 3057 Burns 1914, §2513 R. S. 1881, providing that an infant over fourteen years of age shall have a right to select a guardian, and that the court shall appoint the one selected, if a suitable person, applies only to the appointment of guardians for infants. The provision of this act which requires the guardian to give bond and to be under like restrictions and to act in the same manner and with the same powers and duties as the guardians of infants refers to the manner in which the duties of the trust shall be performed by the guardian after the appointment. The court did not err in refusing to permit appellant to select his guardian.

Finding no reversible error the judgment is affirmed.

NOTE.—Reported in 108 N. E. 115. As to what is due process of law, see 48 Am. Dec. 538; 20 Am. St. 554. See, also, under (1) 8 Cyc. 895: (2) 8 Cyc. 1058; (3, 9) 22 Cyc. 1139; (4) 8 Cyc. 1124; (5, 6, 7, 8) 22 Cyc. 1143.