## Ex parte CEJA.
### No. 2462.

District Court, D. Nevada.
Aug. 25, 1931.

John W. Burrows, and Frame & Raffetto, all of Reno, Nev., for petitioner.

Gray Mashburn, Atty. Gen., W. T. Mathews, Deputy Atty. Gen., and Merwyn Brown, Dist. Atty., of Winnemucca, Nev., for respondent.

NORCROSS, District Judge.

This is a proceeding in habeas corpus. Hearing was had upon response to an order to show cause. Applicant is held in custody by the warden of the Nevada State Prison under a judgment that he be executed by lethal gas on September 4th next. Upon a plea of guilty to an information charging murder, the state district court took evidence, in pursuance of the provisions of the state statute, for the purpose of determining the degree of guilt, found the defendant guilty of murder in the first degree, and imposed sentence of death. Upon appeal to the Supreme Court of Nevada, judgment was affirmed. 298 P. 658.

The court has some doubt with respect to the matter of jurisdiction in this proceeding. Assuming, without so deciding, that this court may consider questions involving the Constitution and statutes of the United States presented in a case which has been finally determined by the Supreme Court of the state, the court will proceed to so consider the controlling questions presented.

The main contention is that the state of Nevada by reason of the provisions of its Enabling Act is in a different position than that of any other state in the Union. It is contended that by reason of section 4 of the Act of Congress of March 21, 1864 (13 Stat. 31), providing that the members of the Constitutional Convention, "after organization, shall declare, on behalf of the people of said territory, that they adopt the constitution of the United States," has the effect of making a part of the organic law of the state of Nevada the Fifth Amendment to the Constitution of the United States, requiring that "for a capital, or otherwise infamous crime," prosecution shall be by indictment of a grand jury.

The court is of opinion that the decision of the Supreme Court of the United States in Bolln v. Nebraska, 176 U. S. 83, 20 S. Ct. 287, 44 L. Ed. 382, is conclusive of this question. Even if, as contended, the facts respecting the adoption of the Constitution of the State of Nebraska may be distinguished from those involved in the adoption of the Constitution of the State of Nevada, the expression in the first section of the Nevada Enabling Act (13 Stat. 30), "shall be admitted into the Union upon an equal footing with the original states, in all respects whatsoever," manifests the intent of Congress that upon complying with the provisions of the act the state when admitted would not in any sense whatsoever be in a different legal position from that of the other states.

The Enabling Acts of the States of Nevada and Nebraska were enacted during the time of the Civil War. The provision in question was doubtless inserted for no other purpose than to require a declaration upon the part of the members of the respective conventions that they recognized the supremacy of the Constitution of the United States as a condition precedent to further proceedings, "whereupon the said convention shall be, and it is hereby, authorized to form a constitution. * * *" Section 4. This provision may be clearly distinguished from that later appearing in said section 4 requiring, "That said convention shall provide, by an ordinance irrevocable, without the consent of the United States and the people of said state," for prohibition of slavery, toleration of religious sentiment, and a disclaimer of title to the unappropriated public lands.

If the Constitution of the United States was adopted in the sense contended for, then in so adopting the Fifth Amendment it would be subject to the construction theretofore placed upon it by the Supreme Court of the United States, or as thereafter such amendment might be so construed. As far back as the case of Barron v. Baltimore, 7 Pet. 243, 247, 8 L. Ed. 672, Chief Justice Marshall said: "The fifth amendment must be understood as restraining the power of the general government, not as applicable to the states."

The Fifth Amendment has precisely the same force and effect in the state of Nevada as it has in every other state. That portion of the amendment requiring prosecutions by indictment relates only to prosecutions by the government of the United States, and not to prosecutions for violation of state laws.

With respect to the contention that the procedure following the plea of guilty was in violation of the Fourteenth Amendment of the Constitution of the United States, the Supreme Court of this state having affirmed the judgment and held the procedure to have been in accordance with the law of the state, such determination is conclusive upon this court. Leeper v. Texas, 139 U. S. 462, 11 S. Ct. 577, 35 L. Ed. 225; In re Robertson, 156 U. S. 183, 15 S. Ct. 324, 39 L. Ed. 389.

The petition for the writ is denied.

Application for certificate of probable cause for appeal to the Circuit Court of Appeals for the Ninth Circuit (28 USCA § 466) denied.