Frances MAGNUS, Administrator of the
Estate of Leo Michalowski, Deceased,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 11689.

United States Court of Appeals
Seventh Circuit.

June 13, 1956.

Rehearing Denied Aug. 8, 1956.

Burton H. Young, Chicago, Ill., for appellant.

Paul A. Sweeney, Chief, Appellate Section, Marcus A. Rowden, Atty., U. S. Dept. of Justice, Washington, D. C., Robert Tieken, U. S. Atty., Chicago, Ill., George Cochran Doub, Asst. Atty. Gen., for appellee.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This action in the District Court was brought by the plaintiff Frances Magnus, as Administrator of the Estate of Leo Michalowski, a deceased veteran who had been honorably discharged after serving in the United States Army during World War I. The complaint demanded an accounting of and judgment for certain sums of money allegedly wrongfully withheld by the Administrator of Veterans' Affairs from the amounts of compensation which plaintiff claims were due and payable to the decedent each month during his lifetime by reason of a permanent service-connected disability of partial deafness incurred by the decedent while serving in World War I.

674

In March 1933 decedent was found guilty of robbery, sentenced to life imprisonment and incarcerated in the Stateville Penitentiary at Joliet, Illinois.

On July 28, 1933, there was promulgated as part of Executive Order No. 6232, under the authority of the Act of March 20, 1933, 48 Stat. 8, 38 U.S.C.A. § 701 et seq., Veterans Regulation No. 6 (A), subd. VI(A), 38 U.S.C.A. following section 745. This Regulation provided in part:

> "Where any disabled veteran having neither wife, child, nor dependent parent is being furnished hospital treatment, institutional or domiciliary care by the United States or any political subdivision thereof, the pension, compensation, or emergency officers' retirement pay shall not exceed $15 per month * * *." 38 C.F.R. § 35.06(f) (1) (1939 ed.).

On July 13, 1943, Congress amended the above quoted Regulation by raising to $20 per month the amount payable to such veterans, 57 Stat. 557. This Regulation was followed until 1946 when it was repealed, 60 Stat. 908. Thereafter decedent received unrestricted benefits until his death which occurred July 4, 1954.

The complaint seeks an accounting for and recovery by the plaintiff of all benefits which had been withheld from the decedent, and also seeks an accounting for and payment of all benefits to all persons "similarly situated to Leo Michalowski." The complaint is based on the theory that the deductions from disability benefits were authorized only from veterans who were being taken care of in hospitals or institutions of the federal government, and also on the contention of the plaintiff that 38 U.S.C.A. § 722 prohibited deductions from the amount of compensation which was being paid to veterans on March 19, 1933, for service-connected disabilities of veterans who entered the active military or naval service of the United States on or before November 11, 1918, and whose disabilities were not the result of their own misconduct. Section 722, 38 U.S.C.A. did not, of course, purport to be an Act of Congress forbidding Congress to enact a law decreasing, or authorizing the decrease of, the compensation payable to such disabled veterans.

■ The District Court dismissed the complaint and assigned as the reason therefor that the decisions rendered by the Administrator of Veterans' Affairs were conclusive and were not subject to review by the courts. We think that the District Court correctly held that it did not have jurisdiction of this case. It is fundamental that the United States as sovereign may not be sued without its consent, United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058, and it is also established by the decisions that such consent, if given, is subject to such conditions as Congress sees fit to require, United States v. Shaw, 309 U.S. 495, 501, 60 S.Ct. 659, 84 L.Ed. 888.

■ In cases such as the instant case the United States has not only not given its consent to be sued but it has expressly declared in two separate Acts of the Congress that decisions of the Administrator of Veterans' Affairs in such cases are final and may not be reviewed in any court. In Section 5 of the Act of March 20, 1933, 48 Stat. 9, 38 U.S.C.A. § 705, Congress expressly provided as follows:

> "All decisions rendered by the Administrator of Veterans' Affairs under the provisions * * * of this title or the regulations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision."

In 1940 Congress by a further Act, 54 Stat. 1197, 38 U.S.C.A. § 11a–2, provided that:

> "Notwithstanding any other provisions of law, * * * the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under any Act

administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions."

Such compensation or disability benefits as are here involved do not arise from contractual obligations of the United States. The most that can be said of them is that they arise from a moral obligation of the Government to take care of its disabled war veterans. Certainly Congress in granting these disability benefits to veterans was within its rights in making the decisions of the Administrator of Veterans' Affairs final and in expressly denying the beneficiaries the right to contest such decisions in the courts. Longernecker v. Higley, D.C.Cir., 229 F.2d 27; Hahn v. Gray, 92 U.S.App. D.C. 188, 203 F.2d 625.

The judgment of the District Court dismissing this action is

Affirmed.