In the Matter of the ESTATE of Charles S. FLEMINGS, Deceased.

Prentice A. HAYES, Administrator of the Estate of Charles S. Flemings, Deceased and Earl M. Temple, Appellants,

v.

ADMINISTRATOR, VETERANS ADMINISTRATION, Appellee.

No. 48457.

Supreme Court of Oklahoma.

Nov. 4, 1975.

Donald W. Davis, Oklahoma City, for appellants.

William R. Burkett, U. S. Atty., Drew Neville, Asst. U. S. Atty., Oklahoma City, for appellee.

DAVISON, Justice:

The Appellant, Earl M. Temple, a creditor, filed on March 17, 1975, with the District Court of Oklahoma County, in the Estate of Charles S. Flemings, Deceased, an "Application to Prohibit Depository of Estate Funds from Making Distribution." He alleged the estate was indebted to him in the sum of $2591.27 for expenses of Decedent's funeral (elsewhere in the proceedings and in the court's order Applicant is referred to as Earl M. Temple d/b/a Temple Funeral Home) and that the decedent's sister and an unnamed representative of the Veterans Administration, Muskogee Regional Office, represented to him at the time of the decedent's funeral that all funeral expenses would be paid out of personal funds held by the "Depository", the Veterans Administration. The Appellant further alleged that the Veterans Administration was about to disburse the funds to the decedent's daughter, Patsy Faye Flemings Neely, "out of the jurisdiction of the court, with the intent of placing said funds beyond the reach of Decedent's creditors."

On the same day the trial court granted the application, ordered the funds to be retained by the Veterans Administration until further order of the court and set a hearing for April 17, 1975, on the question of why it cannot or should not comply with said order. This order was served on the Director of Veterans Administration, Muskogee, on March 19, 1975, and on the United States Attorney, Oklahoma City, on March 18, 1975, and was mailed to the United States Attorney General on March 18, 1975.

On March 21, 1975, the Administrator of Veterans Affairs and the Regional Director of The Veterans Administration filed an Answer alleging that:

"(a) Funds on hand in the Veterans Administration in the personal funds of Patient's Account of the deceased veteran are gratuitous benefits of the Veterans Administration and are exempt from claims of creditors, and are not liable to attachment, levy, or seizure by or under any legal equitable process whatever either before or after receipt by the beneficiary, Title 38 U.S.C., Section 3101(a).

"(b) Payments of approved benefits upon the death of the veteran beneficiary are distributed to persons in order of preference according to Federal Statute, Title 38 U.S.C., Section 3021 (a). There being no spouse and the deceased veteran having a living daughter, the daughter becomes the distributee of the accrued benefits.

"(c) There is authorized an allowance from the Veterans Administration of a sum not to exceed $250.00 for funeral expenses on a reimbursement basis. as per Title 38 U.S.C., Section 902, and there is a provision for payment of a sum not to exceed $150.00 for a plot or interment allowance, Title 38 U.S.C., Section 903(b).

"(d) That on November 8, 1974, the applicant, Earl M. Temple d/b/a Temple Funeral Home, made a claim with the Veterans Administration for reimbursement of $3,141.20 for unpaid funeral expenses on behalf of Charles F. Flemings which was denied by the officials of the Veterans Administration Regional Office, Muskogee, Oklahoma, as not authorized by federal law. Whereupon, Earl M. Temple d/b/a Temple Funeral Home, took an appeal of that decision to the Board of Veterans Appeals and on March 7, 1975, the Board of Veterans Appeals denied the applicant's claim. The decision of the Board of Veterans Appeals is final and the claimant has no further recourse in Court as per Title 38 U.S.C., Section 211(a).

"(e) That this Court has no jurisdiction over the distribution of gratuitous benefits in the hands of the Veterans Administration as such distribution is controlled by Federal Statutes."

At the hearing on April 17, 1975, the attorneys for the parties appeared, argument of counsel heard, no evidence was taken, and an order made by the court dismissing the Application. A formal order was made on April 29, 1975, and on that date the Administrator of the Estate filed an entry of appearance as "a party plaintiff" and appears herein as an Appellant.

This order finds that the "District Court of Oklahoma County, State of Oklahoma, pursuant to 38 U.S.C. 211(a) does not have jurisdiction to enjoin or otherwise prohibit the Veterans Administration from distributing said fund." This order confines itself solely to the jurisdiction question, i.e., its jurisdiction to review the administrative decisions of the Veterans Administration that, first, the funds will not be paid to this creditor, and, second, that distribution of the funds will be made to the surviving daughter. Obviously, these administrative decisions involved both questions of law and fact.

While nothing suggests that the Veterans Administration will violate requirements of the Federal Statutes, we would note that the only question before us is whether its administrative determinations, regardless of whether the Federal Statutes have been correctly followed or not, can be reviewed by the trial court.

The record does not contain copies of the administrative decisions involved, and we note that in its answer the Veterans Administration refers to distribution under a general statute, 38 U.S.C. § 3021(a). The Appellants urge that the applicable statute is 38 U.S.C. § 3203, being the one that specifically deals with "Hospitalized Veterans and estates of incompetent institutionalized veterans." Both of the statutes provide for distribution first to the spouse and second, if no spouse, to the children. This difference cannot be resolved by the record before us, but this is not material to the disposition of the case by the trial court, nor to the decision we reach herein.

Title 38 U.S.C. § 3203(a) (2) (A), being the statute the Appellants assert is applicable, states in part, as follows, "In the event of the death of any veteran subject to the provisions of this section, while receiving hospital treatment, institutional or domiciliary care, or before payment of any lump sum authorized herein, such lump sum shall be paid in the following order of precedence: First, to the spouse; second, if the decedent left no spouse, or if the spouse is dead at the time of settlement, then to the children (without regard to their age or marital status) in equal parts: Third, . . . ." The Appellants' basic argument, which we mention later, seems to call into account the origin of the funds under this statute and, consequently, we note they state in their brief that "in accordance with 38 U.S.C. § 3203(b)(3) a portion of the deceased veteran's disability benefits were paid to the Chief Officer of the civilian institution providing institutionalized care for the deceased veteran. The amount remaining above the expenses and charges by the institution for care of the veteran, was withheld and accrued to the benefit of the veteran and his estate, during his lifetime."

On the basis of the facts as outlined above, the trial court dismissed the application for lack of jurisdiction on the basis of 38 U.S.C. § 211(a) which is as follows:

"On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise."

The exclusions first noted in the Act are not applicable herein, and no question thereto has been raised.

No-review clauses similar to the above quoted section have been a part of Veterans' Benefit Legislation since 1933. The United States Supreme Court discussed these no-review clauses, the Legislative history behind them, and the reasons for the 1970 amendment to the Act which constitute the present law above quoted, in *Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed. 389 (1974). That decision held that this statute does not preclude a court from considering a constitutional question as to validity of a statute, as distinguished from an administrative decision made in the course of administering the Act. The court stated that "The prohibitions would appear to be aimed at review only of those decisions of law or fact that arise in the administration by the Veterans' Administration of a statute providing benefits for veterans." In the appeal in the instant case there is no attack on the constitutionality of an Act of Congress as was made in the *Johnson* case, where the question involved the denial in the Act of Congress of certain educational benefits to conscientious objectors and where benefits were limited in the Act to a certain class of draftees. In connection with the constitutionality of a statute as distinguished from an administrative decision made under the statute, we again mention this matter below in connection with out discussion of some of the authorities cited by the Appellant.

The "finality" Statute is clear and it has long been established that judicial review of questions of law and fact made by the administrator of the Veterans Administration in the course of administering veteran's benefits is prohibited. See *Van Horne v. Hines,* 74 App.D.C. 214, 122 F.2d 207, (Cert. denied 314 U.S. 689, 62 S.Ct.

360, 86 L.Ed. 552 (1941)). *Milliken v. Gleason,* 1 Cir., 332 F.2d 122 (1964); *Magnus v. United States,* 7 Cir., 234 F.2d 673 (1956); *De Rodulfa v. United States,* 149 U.S.App.D.C. 154, 461 F.2d 1240, (1972); *Fritz v. Director of Veterans Administration,* 9 Cir., 427 F.2d 154 (1970); *Redfield v. Driver,* 9 Cir., 364 F.2d 812 (1966).

No authority to the contrary has been cited by the Appellants. The Appellants cite only one case involving the no-review section (211(a)) in the Veteran's benefit laws. That case, *Daylo v. Administrator of Veterans' Affairs,* 163 U.S.App.D.C. 251, 501 F.2d 811 (1974) deals with the question of the retroactive effect of said Section 211(a) as amended in 1970,[1] on judgments that had become final and unappealable prior to the effective date of the amendment. We see nothing in that opinion that casts any doubt as to the application of the prohibition otherwise.

In the *Milliken* case, supra, the court said:

"Regardless of its form the plaintiff-appellant's suit is in clear purpose and effect one to have reviewed and set aside an order of the Veterans' Administration . . . But Title 38 U.S.C. § 211(a) provides with exceptions of no present materiality that '* * decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision.' This command is categorical, and it is within the power of Congress to issue the command

---

1. The Supreme Court in the *Johnson* case, supra, indicates that the 1970 Amendment was enacted to overrule "The interpretation of the Court of Appeals for the District of Columbia Circuit, and thereby restore vitality

to the two primary purposes to be served by the no-review clause." This reference was to the legislative intent discussed in that opinion.

for when it creates rights in an individual against the United States it is 'under no obligation to provide a remedy through the courts', *United States v. Babcock*, 250 U.S. 328, 331, 39 S.Ct. 464, 465, 63 L.Ed. 1011 (1919), but may 'provide only an administrative remedy.' *Tutun v. United States*, 270 U.S. 568, 576, 46 S.Ct. 425, 70 L.Ed. 738 (1926). See *Marshall v. Crotty*, 185 F.2d 622, 628 (C.A.1, 1950)."

In the *Fritz* case, supra, the court said:

" . . . However neither the District Court nor this court has been authorized by any Act of Congress to decide the merits of appellant's claim. On the contrary, Congress by the enactment of 38 U.S.C. § 211(a) has expressly deprived the courts of any jurisdiction to do so. Under the. circumstances, the District Court had no choice; the law required it to dismiss the action."

At this point, the administrative decisions involved are clear and the prohibition against judicial review seems certain. What then is the argument of the Appellants? As we see it, their basic, and in fact only argument, is that these funds accrued to the benefit of the veteran before his death and were merely held by the Veterans Administration as a "depository"; and, therefore, they are assets of the estate of the deceased veteran and subject to probate administration by the trial court under the law of Oklahoma. Appellants then, correctly, we believe, cite authority to the effect that the probate function is exclusively within the jurisdiction of the trial court. Obviously, to uphold this argument would result in distribution not under the Federal Statute, by administrative decision thereunder, but rather under the probate law of Oklahoma where a claim of a creditor may be allowed prior to distribution to the heirs.

In one sense this argument recognizes the no-review rule on which the trial court

acted but says that it does not apply to these funds because they are different than other funds in that they accrued prior to the death of the veteran. We do not see the validity of this distinction. These funds are gratuitous veteran's benefits created by Congress and controlled both as to their handling and disposition by administrative decisions of which Congress has forbidden judicial review. To accept Appellants' argument would mean that no veterans benefit could ever be distributed by the Veterans Administration, even though so provided for as here, if the fund involved could be construed as accruing to the veteran before his death. Congress could have provided for distribution to the estate of deceased veterans for administration under state law, but it did not. The argument of Appellants suggest not so much of a judicial review of administrative decisions as it does an avoidance of the results thereof.

All cases cited by the Appellants, except for the *Daylo* case, supra, involves other no-review statutes, and in some cases those where constitutional issues are raised as was done in the *Johnson* case, supra. Those cases cannot be persuasive as against the specific no-review provision in the veterans benefit law. For example, Appellants cite the decision of the United States Supreme Court in *Estep v. United States*, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946), wherein a criminal prosecution under the Selective Service Law was involved. The court said the statute makes no provision for judicial review and "the silence of Congress as to judicial review is not necessarily to be construed as a denial of power of the federal courts to grant relief . . . ." The distinction between this and the prohibition of judicial review made in the Veterans Benefit Law is clear. That decision makes one statement which is basic to our decision in the present case, as follows: "And except when the Consti-

tution requires it, judicial review of administrative action may be granted or withheld as the Congress chooses."

We believe the Congress by clear and certain language prohibited judicial review of the administrative decisions which the Appellants here seek to avoid.

The Appellants raise the point that the Veterans Administration must have previously determined that the decedent had no daughter since 38 U.S.C. § 3203(c) provides that any veteran subject to its terms shall be deemed to be single and without dependents in the absence of satisfactory evidence to the contrary and that the Veterans Administration having "determined that the deceased was without spouse or dependent for the purpose of judging the competency of the deceased veteran", it is now estopped to "recognize any other person than the person empowered by the probate court of the State of Oklahoma to administer the estate of the deceased mentally incompetent veteran." We see no basis in the Act for this argument. It could only refer to matters not in the record before us. How the Appellee finally arrived at a determination of who should receive these funds would be purely an administrative decision.

And finally, we note the Appellee's answer raises the defense that under 38 U.S. C. § 3101(a) these funds are exempt from claims of creditors and not subject to attachment, levy or seizure either before or after receipt by the beneficiary. The trial court based its decision on its lack of jurisdiction to hear the application. We likewise in this decision find no necessity to reach the question of whether the creditor is seeking to do indirectly what the Appellee asserts he cannot do directly.

The trial court correctly found it lacked jurisdiction and its order is therefore affirmed.

All Justices concur.

